IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLAINA BRACKENRIDGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00550-O-BP |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Defendant's Motion to Dismiss (ECF No. 11) (the "Motion") filed by Wells Fargo Bank, N.A., Plaintiffs' Response (ECF No. 21), and Defendant's Reply (ECF No. 27). This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 11) and **DISMISS** Plaintiffs' claims **without prejudice**. However, if Plaintiff Allaina Brackenridge timely files an amended complaint, the Motion should be **DENIED** as moot, and the action be allowed to proceed on the amended complaint.

**I.     BACKGROUND**

On or about April 19, 2024, Plaintiff Allaina Brackenridge ("Plaintiff"), filed her Complaint for a Civil Case (the "Complaint") in the 236th Judicial District Court of Tarrant County, Texas. ECF No. 1 at 18. Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on June 13, 2024. *Id*. at 1. In the state court action, Plaintiff apparently sought to halt foreclosure proceedings because Wells Fargo allegedly failed to "document and

verify an obligation" Plaintiff owes. *Id*. at 19. Plaintiff seeks a litany of Orders including injunctions and restraining orders, to prevent foreclosure of her home. *See* ECF No 7 at 8.

The Court ordered Brackenridge to file an Amended Complaint in accordance with the "pleading requirements of Federal Rule of Civil Procedure 8(a), as explained and clarified by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Local Civil Rules." ECF No. 5. On July 1, 2024, Brackenridge filed an Amended Complaint with a Jury Demand. *See* ECF No. 7. In response, Wells Fargo moved to dismiss for failure to state a claim. *See* ECF No 11. Brackenridge timely filed a response, and Wells Fargo filed a reply. *See* ECF Nos. 21, 27.

## II.     LEGAL STANDARDS

### A.     Pro Se Standard

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B.     Rule 12(b)(6) Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### C. Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible, the Fifth Circuit requires district courts to dismiss cases without prejudice under Rule 12. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss an action without granting leave to amend where the court invited the plaintiff to respond to the motion to dismiss, but the plaintiff failed to do so. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-cv-0863-D, 2001 WL 627600, at *2-3 (N.D. Tex. Feb. 13, 2001). Moreover, courts may dismiss an action and deny amendment if the defendant is entitled to absolute immunity since the "plaintiff will never have a claim against the defendant based on the particular facts alleged." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

## III.  ANALYSIS

### A.  Brackenridge does not state a claim for relief that the Court can grant.

Although Brackenridge cites to a cavalcade of statutes and rules that she asserts Wells Fargo violated, her pleadings are almost completely devoid of facts pertaining to damages that she has suffered. *See* ECF No. 7 (citing 15 U.S.C. § 1692; 12 U.S.C. § 4010; 12 C.F.R. §§ 229.21, 229.30, 229.36; 31 C.F.R. §§ 328.5. 328.6, 328.7; Tex. Bus & Com Code 3.502, 4.209, 4.301, 4.303; and Federal Rule of Evidence 11). Factually, she only alleges (1) that "[t]he public has been deceived when the above named corporation posted [her] private property for foreclosure...;" (2) "[She] is affected by the deception and needs protection from unfair and unprofessional practices of Wells Fargo…;" and (3) "Wells Fargo has misled [her], Transunion, Equifax, and Experian

credit reporting agencies in the accuracy for alleged debt and backend accounting….." *Id*. at 5, 7-8 .

Brackenridge's pleadings contain legal conclusions and are not tied "to specific causes of action, such that the claims made are indeterminate and the defendant's task in defending against them[,]" and indeed the Court's task in liberally construing them, "is significantly impaired." *Martinez v. Nueces Cnty., Tex.*, No. 2:13-CV-178, 2013 WL 6190519, at *3 (S.D. Tex. Nov. 26, 2013) (citing *Abrams v. CIBA Specialty Chemicals Corp.*, No. 08–0068, 2008 WL 4183344, at *4 (S.D. Ala. Sept. 10, 2008)). Accordingly, Brackenridge has not stated a claim on which the Court may grant relief.

### B.    The Court should give Brackenridge an opportunity to amend her complaint.

The decision to allow amendment of the pleadings is within the sound discretion of the district court. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994). In determining whether to allow an amendment of the pleadings, the Court considers undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1163 (5th Cir.1982). However, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier,* 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller,* 342 F.3d at 563.

Wells Fargo argues that the Court should dismiss Brackenridge's claims with prejudice since she already amended her complaint after her original filings in state court, and any further amendment "would be futile, because Plaintiff's claims are meritless and beyond repair." ECF No. 27 at 4. But Brackenridge should be "given every opportunity to state a claim." *Ramming*, 281

F.3d at 161. After reviewing Brackenridge's "shotgun" style pleadings, the Court does not find that she pleaded her best case. She should have an opportunity to amend her complaint to sufficiently state a claim for relief. Judge O'Connor should not dismiss Brackenridge's if she amends her complaint to state facts to support her claims within the fourteen-day period permitted for objections to these findings, conclusions, and recommendation or such other time that Judge O'Connor sets.

Should Brackenridge seek leave to amend her complaint, she must comply with the requirements of Rules 8(a), 10(b), and 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1. Fed. R. Civ. P. 8(a), 10(b), 15(a); Local Civil Rule 7.1. Any amended complaint will supersede (take the place of) Plaintiff's previous Amended Complaint (ECF No. 7). Consequently, Plaintiff must state all claims and list all defendants in any amended complaint filed. A form complaint for use in a civil case is available online at http://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case. Plaintiff may also review the Local Civil Rules of the Court at https://www.txnd.uscourts.gov/civil-rules.

### IV.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 11) and **DISMISS** Plaintiffs' claims **without prejudice**. However, if Plaintiff timely files an amended complaint, the Judge O'Connor should **DENY** the Motion as moot, and the action should proceed on the newly amended complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must

identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on November 22, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE